**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **U.S. BANK NATIONAL** | : | **Case No.** _____ |
| **ASSOCIATION, AS INDENTURE** | : | |
| **TRUSTEE FOR VCC 2022MC-1** | : | |
| **TRUST,** | : | |
| | : | **Judge:** _____ |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **Magistrate:** _____ |
| **LOTTAVILLE STORAGE, INC., an** | : | |
| **Indiana corporation** | : | |
| **c/o Robert Steffan, Registered Agent** | : | |
| **5111 E. 900 N.** | : | |
| **Fair Oaks, Indiana 47943,** | : | |
| | : | |
| **Also Serve:** | : | |
| **c/o Beverly Janine Dobbs, President** | : | |
| **1715 Bethel Street** | : | |
| **Leeds, Alabama 35094** | : | |
| | : | |
| **BEVERLY JANINE DOBBS** | : | |
| **1715 Bethel Street** | : | |
| **Leeds, Alabama 35094,** | : | |
| | : | |
| **MARY RAMIEREZ** | : | |
| **939 Michigan Street** | : | |
| **Hammond, IN 46320,** | : | |
| | : | |
| **TOWN OF MERRILLVILLE,** | : | |
| **INDIANA** | : | |
| **c/o Michael Griffin, Interim Town** | : | |
| **Manager** | : | |
| **7820 Broadway** | : | |
| **Merrillville, IN 46410,** | : | |
| | : | |

04989960-1

**Also Serve:**                        :

                                       :

**c/o Law Department**                 :

**7820 Broadway**                      :

**Merrillville, IN 46410**             :

                                       :

                            **Defendants.**  :

## COMPLAINT ON PROMISSORY NOTE, PERSONAL GUARANTY, FOR FORECLOSURE AND OTHER RELIEF

Plaintiff U.S. Bank National Association, as Indenture Trustee for 2022MC-1 Trust (the "Plaintiff"), through undersigned counsel, states for its Complaint against the above defendants:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is the duly appointed trustee for the real estate mortgage investment conduit trust whose assets include the instruments that are the subject of the above-captioned matter. According to the United States Supreme Court, when a trustee files a lawsuit in its own name, the citizenship of the trustee is all that matters for diversity purposes. Navarro Savings Ass'n v. Lee, 446 U.S. 458 (1980). The citizenship of a national banking association is determined by the state designated in its articles of association as its main office. See U.S. Bank National Association v. UBS Real Estate Securities Inc., 205 F.Supp.3d 386, 411 (S.D.N.Y. 2016); Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). In this matter, the Plaintiff is a national banking association formed under the laws of the United States of America, specifically the National Bank Act, 12 U.S.C. § 1, et seq. The Plaintiff's main office, as stated in its articles of association, is in Cincinnati, Ohio. As the citizenship of a national banking association is determined by the state designated in its articles of association as its main office, the Plaintiff is a citizen of the State of Ohio for the purposes of diversity jurisdiction herein.

2.      Defendant Lottaville Storage, Inc. (the "Borrower") is a corporation formed under the laws of the State of Indiana with its principal office in Indiana.

3.      Defendant Beverly Janine Dobbs (the "Guarantor") is an individual domiciled in the State of Alabama.

4.      Defendant Mary Ramierez is an individual domiciled in the State of Indiana.

5.      Defendant Town of Merrillville, Indiana is a municipal corporation located in the State of Indiana.

6.      Diversity jurisdiction is proper pursuant to 28 USC § 1332 as the Plaintiff and the Borrower are residents of different states and the amount in controversy exceeds $75,000.00.

7.      Venue is proper is this district pursuant to 28 U.S.C. § 1391(b) as both the Borrower and Guarantor contractually consented to venue in this district, and the Property (as defined below) is located herein.

## COUNT ONE – PROMISSORY NOTE

8.      The Plaintiff restates and incorporates by reference Paragraphs 1 through 7 of its Complaint as if fully rewritten herein.

9.      On or about March 25, 2015, Velocity Commercial Capital, LLC (the "Original Lender") made a loan to Defendant Lottaville Storage, Inc., an Indiana corporation (the "Defendant") in the amount of $144,000.00 (the "Loan"). A copy of the Loan Agreement is attached as Exhibit A.

10.     The Loan is evidenced by a Semi-Annual Adjustable Term Note (the "Note") executed by the Defendant in favor of the Original Lender dated March 25, 2015 in the original principal amount of $144,000.00. A copy of the Note with Allonge executed in blank is attached as Exhibit B.

11.     Plaintiff is in possession of the original copy of and is entitled to enforce the Note.

12. The Note is in default as a result of the Borrower's failure to keep principal, interest, and other payments current under the terms of the Note. Specifically, the Borrower is due for the April 1, 2023 payment.

13. As a result of the Borrower's aforementioned payment default, the Plaintiff accelerated all unpaid principal amounts and all accrued and unpaid interest and fees due under the Note.

14. All conditions precedent to the Plaintiff's enforcement of the Note have occurred.

15. As a result of the above default and acceleration, the Plaintiff is presently owed on the Note and the Mortgage (as that term is defined below) from the Borrower as of September 30, 2023:

| | |
|---|---|
| Principal | $132.625.84 |
| Accrued Interest | $8,005.07 |
| Unpaid Late Charges | $105.21 |
| Unpaid Other Fees | $9,362.73 |
| Recoverable Balance | $10,281.51 |
| Lien Release Fee | $12.00 |
| Recording Fee | $25.00 |
| Default Interest | $884.17 |
| Payoff Quote Fee | $50.00 |
| Foreclosure Fees and Costs | $75,000.00 |
| UCC Filing Fees | $150.00 |
| TOTAL | $169,001.53 |

plus regular interest that continues to accrue at rate specified in the Note (currently 9.49% per annum), plus default interest that continues to accrue at the rate of 4.0% per annum, plus fees and advances that continue to accrue, plus the Plaintiff's attorney fees and costs accrued to date, and those which it will continue to accrue thereafter.

## COUNT TWO – PERSONAL GUARANTY

16. The Plaintiff restates and incorporates by reference Paragraphs 1 through 15 of its Complaint as if fully rewritten herein.

17.     In connection with the Note and Loan Agreement, and as additional security for the Note, Defendant Beverly Janine Dobbs (the "Guarantor") executed a certain Unlimited Guaranty ("Guaranty") agreeing to guaranty payment of all obligations of Borrower to Original Lender under the Note. A copy of the Guaranty is attached as Exhibit C.

18.     The Note is in default as set forth above.

19.     The Guarantor is in default of the Guaranty by virtue of its failure to pay to the Plaintiff the amounts due from the Borrower under the Note.

20.     All conditions precedent to the Plaintiff's enforcement of the Guaranty have been satisfied.

21.     As a result of his default under the Guaranty, the Plaintiff is presently owed on the Guaranty from Guarantor as of September 30, 2023:

| Principal | $132.625.84 |
|---|---|
| Accrued Interest | $8,005.07 |
| Unpaid Late Charges | $105.21 |
| Unpaid Other Fees | $9,362.73 |
| Recoverable Balance | $10,281.51 |
| Lien Release Fee | $12.00 |
| Recording Fee | $25.00 |
| Default Interest | $884.17 |
| Payoff Quote Fee | $50.00 |
| Foreclosure Fees and Costs | $75,000.00 |
| UCC Filing Fees | $150.00 |
| TOTAL | $169,001.53 |

plus regular interest that continues to accrue at rate specified in the Note (currently 9.49% per annum), plus default interest that continues to accrue at the rate of 4.0% per annum, plus fees and advances that continue to accrue, plus the Plaintiff's attorney fees and costs accrued to date, and those which it will continue to accrue thereafter.

## <u>COUNT THREE – FORECLOSURE OF MORTGAGE</u>

22.    The Plaintiff restates and incorporates by reference Paragraphs 1 through 21 of its Complaint as if fully rewritten herein.

23.    The Plaintiff is the owner and holder of a certain Commercial Mortgage, Security Agreement and Assignment of Leases and Rents (the "<u>Mortgage</u>"), dated March 25, 2015 and executed by the Borrower to secure repayment of the Note. The Mortgage was recorded on April 2, 2015 as Document No. 2015019533 of the Official Records of Lake County, Indiana. A copy of the Mortgage is attached as <u>Exhibit D</u>.

24.    The Mortgage was assigned to the Plaintiff by virtue of the recorded assignments attached as <u>Exhibit E</u>.

25.    The Mortgage constitutes a valid first and best lien upon the real estate and improvements described in the Mortgage (the "<u>Property</u>"), save any statutory lien for real estate taxes and assessments.

26.    As a consequence of the Borrower's failure to make principal, interest, escrow, and other payments when due under the Note, the Mortgage is in default, the conditions of defeasance contained in the Mortgage have been broken, and the Plaintiff is entitled to have the Mortgage foreclosed.

27.    Defendant Mary Ramirez may claim an interest in the Property by virtue of a judgment rendered in Lake Superior Court, Civil Division 4, Cause No. 45D12-1908-SC-005315, on October 22, 2019.

28.    Defendant Town of Merrillville, Indiana may claim an interest in the Property by virtue of judgments rendered in Merrillville Town Court, Cause Nos. 45I01-2201-OV-000006 and 45I01-2202-OV000246.

29.     All conditions precedent to the Plaintiff's enforcement of the Mortgage have occurred.

### COUNT FOUR – ASSIGNMENT OF RENTS

30.     The Plaintiff restates and incorporates by reference Paragraphs 1 through 29 of its Complaint as if fully rewritten herein.

31.     To further secure repayment of the Note, and in the same document as the Mortgage, the Borrower executed an assignment of all rents and revenues of the Property (the "Assignment of Rents") to the owner and holder of the Mortgage.

32.     The Assignment of Rents constitutes a present, absolute, and unconditional assignment by the Borrower of all rents, income, issues, and profits of the Property (collectively, the "Rents").

33.     As a consequence of the Borrower's failure to make principal, interest, and other payments when due under the Note, the Plaintiff has revoked the license it granted the Borrower in the Assignment of Rents to collect the Rents, and the Plaintiff is now entitled to collect and receive all Rents from the Property and all Rents that the Borrower has collected since the default.

34.     All conditions precedent to the Plaintiff's enforcement of the Assignment of Rents have occurred.

### COUNT FIVE – POSSESSION OF COLLATERAL UNDER SECURITY AGREEMENT

35.     The Plaintiff restates and incorporates by reference Paragraphs 1 through 34 of its Complaint as if fully rewritten herein.

36.     To further secure repayment of the Note, and as part of the same transaction and in the same document as the Mortgage, the Borrower pledged all personal property that is part of

the Property that is subject to a security interest pursuant to the Uniform Commercial Code (the "Security Interest").

37.     The Security Interest was perfected by recording the Mortgage.

38.     The Security Interest constitutes a valid lien on all the personal property that is part of the Property that is subject to a security interest pursuant to the Uniform Commercial Code (the "Personal Property").

39.     As a consequence of the Borrower's failure to make principal, interest, and other payments when due under the Note, the Plaintiff is entitled to exercise all its rights under the Security Interest and gain immediate possession of all the Personal Property or, in the alternative, have those items included in the appraisal of the Property and sold or auctioned off as part of the Property.

40.     All conditions precedent to the Plaintiff's enforcement of the Security Interest have occurred.

## COUNT SIX – APPOINTMENT OF A RECEIVER

41.     The Plaintiff restates and incorporates by reference Paragraphs 1 through 40 of its Complaint as if fully rewritten herein.

42.     The terms of the Mortgage entitle the Plaintiff to the appointment of a receiver for the Property upon the default of the Borrower.

43.     As a consequence of the Borrower's failure to make principal, interest, escrow, and other payments when due under the Note, the Borrower is in default of the terms of the Mortgage and the Assignment of Rents.

44.     As a result of the above-described defaults, the Plaintiff is entitled to the appointment of a receiver over the Property, the Rents, and the Personal Property pledged under the Security Interest.

**WHEREFORE**, the Plaintiff prays for judgment as follows:

1.    On Count One, for a judgment against the Borrower for the following as of September 30, 2023:

| | |
|---|---|
| Principal | $132.625.84 |
| Accrued Interest | $8,005.07 |
| Unpaid Late Charges | $105.21 |
| Unpaid Other Fees | $9,362.73 |
| Recoverable Balance | $10,281.51 |
| Lien Release Fee | $12.00 |
| Recording Fee | $25.00 |
| Default Interest | $884.17 |
| Payoff Quote Fee | $50.00 |
| Foreclosure Fees and Costs | $75,000.00 |
| UCC Filing Fees | $150.00 |
| TOTAL | $169,001.53 |

plus regular interest that continues to accrue at rate specified in the Note (currently 9.49% per annum), plus default interest that continues to accrue at the rate of 4.0% per annum, plus fees and advances that continue to accrue, plus the Plaintiff's attorney fees and costs accrued to date, and those which it will continue to accrue thereafter;

2.    On Count Two, for a judgment against the Guarantor for the following as of September 30, 2023:

| | |
|---|---|
| Principal | $132.625.84 |
| Accrued Interest | $8,005.07 |
| Unpaid Late Charges | $105.21 |
| Unpaid Other Fees | $9,362.73 |
| Recoverable Balance | $10,281.51 |
| Lien Release Fee | $12.00 |
| Recording Fee | $25.00 |
| Default Interest | $884.17 |
| Payoff Quote Fee | $50.00 |
| Foreclosure Fees and Costs | $75,000.00 |
| UCC Filing Fees | $150.00 |
| TOTAL | $169,001.53 |

plus regular interest that continues to accrue at rate specified in the Note (currently 9.49% per annum), plus default interest that continues to accrue at the rate of 4.0% per annum, plus fees and

advances that continue to accrue, plus the Plaintiff's attorney fees and costs accrued to date, and those which it will continue to accrue thereafter;

3.      On Count Three, that the Mortgage be adjudged a valid first and best lien upon the Property save any statutory lien for real estate taxes and assessments; and that said lien be foreclosed; and that the Property be ordered sold; and that Plaintiff be paid out of the proceeds of such sale; and for such other relief, legal and equitable, as may be proper and necessary; and that all the other defendants herein be required to set up their liens or interest in the Property or be forever barred from asserting the same;

4.      On Count Four, for an order that the Plaintiff is entitled to exercise all its rights under the Assignment of Rents and further ordering the Borrower to turn over all Rents it is holding and which it has collected since the default, and that the Plaintiff may receive and collect all Rents from the Property going forward;

5.      On Count Five, for an order granting the Plaintiff possession of the Personal Property or, in the alternative, to include the Personal Property in the appraisal of the Property and auctioned off as part of the Property;

6.      On Count Six, for the appointment of a receiver for the Property, the Rents, and the Personal Property pledged under the Security Interest;

7.      On all Counts, for interest, its costs, attorney fees, and expenses;

8.      On all Counts, for all other relief to which the Plaintiff is entitled in law and in equity.

Respectfully submitted,

*/s/ Zachary D. Prendergast*
Zachary D. Prendergast (28175-15)
*Attorney for Plaintiff U.S. Bank National*
*Association, as Indenture Trustee for VCC*
*2020-MC1 Trust*
ROBBINS KELLY PATTERSON &
TUCKER
312 Elm Street, Suite 2200
Cincinnati, Ohio 45202
Phone: (513) 721-3330
Fax:    (513) 721-5001
E-mail: zprendergast@rkpt.com