UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as indenture trustee for VCC 2022MC-1 TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LOTTAVILLE STORAGE, INC., *et al.*,<br><br>Defendants. | Cause No. 2:24-CV-68-PPS-JEM |

## OPINION AND ORDER

Defendants Lottaville Storage, Inc., Beverly Janine Dobbs, and Mary Ramierez (aka Mary Ramirez) have failed to timely answer or otherwise defend against the Complaint that was served on them on March 1 and 2, 2024. The Clerk entered a default against these three defendants. [DE 32.] Following the entry of default, Plaintiff U.S. Bank National Association, as indenture trustee for VCC 2022MC-1 Trust, now seeks a default judgment against Defendants Lottaville Storage and Beverly Janine Dobbs. [DE 43.] For the reasons discussed below, I grant U.S. Bank's Motion for Default Judgment.

On March 25, 2015, Velocity Commercial Capital, LLC executed a note (the "Note") to loan Lottaville $144,000. [*Id.* at 2.] Velocity also executed a mortgage agreement (the "Mortgage") to secure repayment of the Note. [*Id.* at 4.] In the same document as the Mortgage, Lottaville pledged all personal property (the "Personal Property") that is part of the Property (defined in Exhibit A) that is subject to a security

interest pursuant to the UCC (the "Security Interest"). Dobbs executed an Unlimited Guaranty (the "Guaranty") in which she agreed to guaranty payment of all obligations of Lottaville to Velocity under the Note. [*Id*. at 3.] Velocity later entered into an assignment agreement (the "Assignment") that assigned Velocity's interest in the Note and Mortgage to U.S. Bank. [*Id*. at 2, 4.]

Lottaville has defaulted on the Note having failed to make all payments since the payment due April 1, 2023. [*Id*. at 2.] As a result of Lottaville's default, U.S. Bank accelerated the Note. [*Id*.] As of November 30, 2024, Lottaville owed U.S. Bank $183,055.88. [*Id*. at 3.] U.S. Bank has not provided the Court with a more recent figure to account for the 12.49% per annum interest, 4% per annum default interest, plus other "fees and advances" that it says continue to accrue on the Note. [*Id*.]

On February 22, 2024, U.S. Bank initiated this lawsuit seeking to collect on the Note, Guaranty, assignment of rents and possession of collateral property, foreclose on the commercial property at issue, and appoint a receiver. [DE 1.] In addition to Lottaville and Dobbs, against whom U.S. Bank now seeks default judgment, U.S. Bank sued Mary Ramirez and the Town of Merrillville, Indiana. U.S. Bank says it sued Ramirez and the Town of Merrillville because they may claim an interest in the commercial real estate encumbered by the Mortgage because of liens or judgments they hold. [DE 43 at 4.]

On May 14, 2024, U.S. Bank filed a motion for temporary restraining order on the basis that Lottaville was continuing to collect rents on the commercial property. [DE 15.]

As an alternative form of relief, U.S. Bank again requested the court appoint a receiver to enforce its assignment of rents and revenues on the commercial property. [DE 17 at 5–6.] At a hearing the next day, Magistrate Judge Martin approved the motion to appoint a receiver, and U.S. Bank agreed to withdraw its motion for temporary restraining order. [DE 22; DE 23.] At some point after the appointment of the receiver, Lottaville engaged in informal settlement negotiations with U.S. Bank and even made a partial payment towards the delinquent amount owed. [DE 31.]

After Lottaville failed to make "sufficient payments" towards the delinquency, U.S. Bank moved for entry of default against Lottaville, Dobbs, and Ramirez on December 12, 2024. [DE 30.] The Clerk entered default against these three defendants the next day. [DE 32.] U.S. Bank indicated at a January 9, 2025, status conference that it would move for default judgment within six months. [DE 33.] However, on April 17, 2025, Judge Martin stayed default proceedings because of Lottaville's recent appearance. [DE 34; DE 35.] Lottaville and U.S. Bank appear to have continued to engage in settlement discussions, per Judge Martin's encouragement, but on August 7, 2025, Judge Martin lifted the stay on default proceedings seemingly because the Parties were unable to reach a settlement. [DE 38.] As of the date of this Order, Lottaville has filed an appearance but has not answered U.S. Bank's complaint. Dobbs has not appeared nor answered the complaint.

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments and involves two stages: establishing "default, and the actual entry of a

3

default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (citation omitted); Fed. R. Civ. P. 55. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *VLM Food Trading Int'l, Inc..*, 811 F.3d at 255. Under Rule 55(a), the Clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Upon entry of a default, all well-pleaded facts in the complaint are taken as true for purposes of liability. *VLM Food Trading Int'l, Inc..*, 811 F.3d at 255. Because the Clerk has entered default, I assume that U.S. Bank's well-pleaded allegations regarding Lottaville and Dobb's default on the Note, Mortgage, Guaranty, and other applicable agreements is true.

A default judgment establishes, as a matter of law, that the defendants are liable to the plaintiff on each cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). An entry of default judgment, however, is not mandatory simply because a party doesn't appear, it is still a matter of discretion for the district court judge. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1991). In exercising that discretion, I consider a number of factors, including whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have. *See* Wright & Miller 10A Fed. Prac. & Proc. Civ. § 2685 (4th ed.).

Rule 55(b)(2) provides that a court "may conduct hearings" to determine, among other issues, "the amount of damages" prior to entry of default judgment. Fed. R. Civ.

4

P. 55(b)(2)(B). A district court must "ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir.2004) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). In the Seventh Circuit, "judgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (internal citation omitted).

To support its request for $183,055.88 in unpaid principal, interest, and additional fees and charges, as well as its request for a decree of foreclosure, U.S. Bank relies upon the affidavit of Sandie Lawrence, a Manager of Special Servicing for Velocity. Lawrence's affidavit attaches as exhibits the Note, Guaranty, Mortgage, and Assignment. She also lists in chart form an itemized list of charges that form the $183,055.88 figure requested by U.S. Bank:

| Principal | $130,850.77 |
| --- | --- |
| Accrued Regular Interest | $9,535.76 |
| Escrow/Impound Overdraft | $2,896.13 |
| Unpaid Late Charges | $762.33 |
| Assessed Default Interest | $16,035.75 |
| Recoverable Balance | $12,251.51 |
| Lien Release Fee | $12.00 |

5

| | |
|---|---|
| Recording Fee | $25.00 |
| Unassessed Default Interest | $421.63 |
| Payoff Quote Fee | $150.00 |
| Foreclosure Fees and Costs | $10,000.00 |
| Projected Fees | $115.00 |
| TOTAL | $183,055.88 |

[DE 43 at 9–10.]

I find that Lawrence's affidavit is sufficiently detailed to support U.S. Bank's request for default judgment and that a hearing is not required. *See e360 Insight*, 500 F.3d at 602. The affidavit explains the relevant calculations and the itemized charts detail the figures relied upon to produce the $183,055.88 figure. *See Tr. of Int'l Painters & Allied Trades Local No. 47 v. Mid-States Painting Co.*, No. 1:20-cv-1560-JPH-DLP, 2021 WL 5235113, at *1 (S.D. Ind. Nov. 8, 2021) (holding that damages were established by an affidavit with supporting spreadsheets that itemized damages and summarized the defendant's audited documents).

## Conclusion

For the foregoing reasons, Plaintiff U.S. Bank National Association as Indentured Trustee on behalf of VCC 2022MC-1 Trust's Motion for Default Judgment and Decree of Foreclosure [DE 43] is **GRANTED**.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That U.S. Bank has established that each material allegation of its Complaint is true in substance and in fact and that it is entitled to the relief requested therein. Accordingly, U.S. Bank is granted judgment by default against Defendants Lottaville Storage, Inc. and Beverly Janine Dobbs.

2. That U.S. Bank is granted judgment against Defendant Lottaville Storage, Inc. for the following amounts as of November 30, 2024:

| Principal | $130,850.77 |
|---|---|
| Accrued Regular Interest | $9,535.76 |
| Escrow/Impound Overdraft | $2,896.13 |
| Unpaid Late Charges | $762.33 |
| Assessed Default Interest | $16,035.75 |
| Recoverable Balance | $12,251.51 |
| Lien Release Fee | $12.00 |
| Recording Fee | $25.00 |
| Unassessed Default Interest | $421.63 |
| Payoff Quote Fee | $150.00 |
| Foreclosure Fees and Costs | $10,000.00 |
| Projected Fees | $115.00 |
| TOTAL | $183,055.88 |

plus regular interest that continues to accrue at rate specified in the Note (currently 12.49% per annum), plus default interest that continues to accrue at the rate of 4.0% per annum, plus fees and advances that continue to accrue, and those which it will continue to accrue thereafter;

    3.    That U.S. Bank is granted judgment against Defendant Beverly Janine Dobbs for the following amounts as of November 30, 2024:

| | |
|---|---|
| Principal | $130,850.77 |
| Accrued Regular Interest | $9,535.76 |
| Escrow/Impound Overdraft | $2,896.13 |
| Unpaid Late Charges | $762.33 |
| Assessed Default Interest | $16,035.75 |
| Recoverable Balance | $12,251.51 |
| Lien Release Fee | $12.00 |
| Recording Fee | $25.00 |
| Unassessed Default Interest | $421.63 |
| Payoff Quote Fee | $150.00 |
| Foreclosure Fees and Costs | $10,000.00 |
| Projected Fees | $115.00 |
| TOTAL | $183,055.88 |

plus regular interest that continues to accrue at rate specified in the Note (currently 12.49% per annum), plus default interest that continues to accrue at the rate of 4.0% per annum, plus fees and advances that continue to accrue, and those which it will continue to accrue thereafter;

4. That, unless Defendant Lottaville Storage, Inc. shall, within three days of the entry of this Judgment and Decree of Foreclosure, pay or cause to be paid to U.S. Bank the sums due to U.S. Bank, together with interest, and to the Clerk of this Court, the costs of the within action, the equity of redemption of Defendant Lottaville Storage, Inc., and all persons claiming through Defendant Lottaville Storage, Inc., shall be foreclosed and the Property sold by Court-Appointed Receiver Prodigy Properties LLC (the "Receiver") as set forth below.

5. That the Receiver is appointed a Special Master, pursuant to Fed. R. Civ. P. 53, to sell the Property (described in Exhibit A to this Judgment and Decree of Foreclosure), its improvements, buildings, fixtures, appurtenances for public sale, per 28 U.S.C. § 2001 *et seq.* and applicable Indiana law, after publication of the advertised notice of the public sale of the Property, once a week for four weeks prior to the sale in a newspaper regularly issued and of general circulation in Lake County, Indiana. The sale is without right of redemption per 28 U.S.C. § 2001 *et seq.* Under 28 U.S.C. § 564 and 566, the Special Master may exercise the same powers to conduct the sale as any local official or party conducting foreclosure sales, to yield the best sale price of the Property through free, fair, and competitive bidding.

     6.     That the Receiver is authorized to conduct the sale and accept bids through its proprietary auction platform ForeclosureAuctions.com. After conclusion of the sale, the successful bidder(s) shall pay the entire purchase price to the Receiver, by cash, cashier's check, or certified check, or wire transfer, made payable to Receiver. To be permitted to bid, bidders shall present proof to the Receiver of their financial ability to comply with this requirement.

     7.     That if U.S. Bank is the purchaser, the Receiver will credit on U.S. Bank's bid the total sums due to U.S. Bank, or such portion necessary to fully pay U.S. Bank's bid. If not the purchaser, U.S. Bank will advance all subsequent costs of this action, for which it will be reimbursed by the Receiver from the proceeds of the sale of the Property.

8. That the Receiver shall pay from the proceeds of the Property, upon the claim herein found, the amounts thereof in the following order of priority:

    a. To the Clerk of this Court, the costs of this action, including the fees of the appraisers.
    b. To the Treasurer of Lake County, the taxes and assessments due and payable and legally assessed against the Property.
    c. To U.S. Bank, as of November 30, 2024:

| Principal | $130,850.77 |
|---|---|
| Accrued Regular Interest | $9,535.76 |

| | |
|---|---|
| Escrow/Impound Overdraft | $2,896.13 |
| Unpaid Late Charges | $762.33 |
| Assessed Default Interest | $16,035.75 |
| Recoverable Balance | $12,251.51 |
| Lien Release Fee | $12.00 |
| Recording Fee | $25.00 |
| Unassessed Default Interest | $421.63 |
| Payoff Quote Fee | $150.00 |
| Foreclosure Fees and Costs | $10,000.00 |
| Projected Fees | $115.00 |
| TOTAL | $183,055.88 |

plus regular interest that continues to accrue at rate specified in the Note (currently 12.49% per annum), plus default interest that continues to accrue at the rate of 4.0% per annum, plus fees and advances that continue to accrue, and those which it will continue to accrue thereafter;

      d.   The balance of the sale proceeds, if any, shall be paid by the Receiver to the Clerk of this Court to await further orders of the Court.

9.   That following the completion of the sale, the Receiver will execute a Report of Sale, for filing with the Clerk of Court.

10. That the undetermined lien amounts in favor of any of the defendants are transferred to the proceeds of the sale, if any.

11. That a writ of possession shall issue for the Property in favor of U.S. Bank or any successful bidder at the sale of the Property.

12. That U.S. Bank is entitled to enforce the Assignment of Rents as to the Property, and is entitled to receive all Rents in the possession of Defendant Lottaville Storage, Inc. and all those which have otherwise become due and owing since the date of the default under Mortgage.

13. That U.S. Bank is entitled to exercise its rights under the Security Interest and gain immediate possession of all Personal Property or, in the alternative, have those items sold or auctioned off as part of the Property.

14. That the Court retain jurisdiction over this action and the Property for purposes of making any and all further orders and decrees as just and equitable, including but not limited to awarding fees and costs for contempt.

15. That the Clerk of Courts shall send a copy of this Judgment and Decree of Foreclosure to all parties.

The Court further orders the Clerk to administratively close this case.

**SO ORDERED**.

ENTERED: December 19, 2025.

                                /s/ Philip P. Simon
                                PHILIP P. SIMON, JUDGE
                                UNITED STATES DISTRICT COURT

# Exhibit A

PARCEL 1:

PART OF THE NORTHWEST 1/4 OF THE NORTHEAST 1/4 OF SECTION 8, TOWNSHIP 35 NORTH, RANGE 8 WEST OF THE SECOND PRINCIPAL MERIDIAN, DESCRIBED AS: COMMENCING AT THE NORTHWEST CORNER OF THE NORTHEAST 1/4 OF SAID SECTION 8; THENCE SOUTH ALONG THE WEST LINE OF THE NORTHEAST 1/4 OF SAID SECTION 8, A DISTANCE OF 667.7 FEET; THENCE EASTERLY ALONG THE NORTH LINE OF THE SOUTHWEST 1/4, NORTHWEST 1/4, NORTHEAST 1/4 OF SAID SECTION 8, A DISTANCE OF 241.8 FEET, MORE OR LESS, TO THE EASTERLY LINE OF STATE ROAD #55 AND THE POINT OF BEGINNING OF THIS DESCRIBED PARCEL; THENCE EAST ALONG THE LAST DESCRIBED LINE 312.45 FEET; THENCE DEFLECTING TO THE RIGHT AND SOUTHEASTERLY WITH AN INTERIOR ANGLE OF 127 DEGREES 40 MINUTES A DISTANCE OF 50 FEET TO A POINT ON THE WEST LINE OF A 40 FOOT COUNTY ROAD; THENCE DEFLECTING TO THE RIGHT SOUTHWESTERLY ALONG THE LINE OF SAID COUNTY ROAD WITH AN INTERIOR ANGLE OF 90 DEGREES A DISTANCE OF 220.1 FEET; THENCE DEFLECTING TO THE RIGHT AND NORTHWESTERLY WITH AN INTERIOR ANGLE OF 130 DEGREES 09 MINUTES A DISTANCE OF 200.05 FEET, MORE OR LESS, TO A POINT ON THE EASTERLY RIGHT-OF-WAY LINE OF STATE ROAD # 55; THENCE DEFLECTING TO THE RIGHT AND NORTHEASTERLY AND ALONG THE EAST RIGHT-OF-WAY LINE OF STATE HIGHWAY # 55 WITH AN INTERIOR ANGLE OF 90 DEGREES 37 MINUTES FOR A DISTANCE OF 134.58 FEET, MORE OR LESS TO THE POINT OF BEGINNING.

PARCEL 2:

PART OF THE NORTHWEST QUARTER (NW 1/4) OF THE NORTHEAST QUARTER (NE 1/4) OF SECTION 8, TOWNSHIP 35 NORTH, RANGE 8 WEST OF THE 2nd P.M., IN THE TOWN OF MERRILLVILLE, LAKE COUNTY, INDIANA, DESCRIBED AS: COMMENCING AT THE NORTHWEST CORNER OF THE NE 1/4 OF SAID SECTION 8; THENCE SOUTH, ALONG THE WEST LINE OF THE NE 1/4 OF SAID SECTION 8, A DISTANCE OF 667.7 FEET; THENCE EASTERLY, ALONG THE NORTH LINE OF THE SOUTHWEST QUARTER (SW 1/4) OF THE NORTHWEST QUARTER (NW 1/4) OF THE NORTHEAST QUARTER (NE 1/4) OF SAID SECTION 8, A DISTANCE OF 241.8 FEET, MORE OR LESS, TO THE EASTERLY LINE OF STATE ROAD #55 AND THE POINT OF BEGINNING OF THIS DESCRIBED PARCEL; THENCE NORTH 89 DEGREES 40' 00" EAST, ALONG THE NORTH LINE OF SAID SW 1/4, NW 1/4, NE 1/4 OF SAID SECTION 8, A DISTANCE OF 312.45 FEET; THENCE SOUTH 38 DEGREES 00' 00" EAST, DISTANCE OF 50.00' TO A POINT ON THE NORTHERLY LINE OF LOTTAVILLE ROAD; THENCE NORTH 52 DEGREES 06' 00" EAST, ALONG SAID NORTHERLY LINE OF LOTTAVILLE ROAD, A DISTANCE OF 73.80 FEET; THENCE NORTH 63 DEGREES WEST, A DISTANCE OF 172.88 FEET TO A POINT ON THE SOUTHEASTERLY LINE OF LOT 1 IN INDIANA-AMERICAN CLEVELAND STREET PUMP STATION SUBDIVISION IN THE TOWN OF MERRILLVILLE, INDIANA, AS SHOWN IN PLAT BOOK 90, PAGE 88, IN THE LAKE COUNTY RECORDER'S OFFICE; THENCE SOUTH 26 DEGREES 45' 00" WEST, ALONG SAID SOUTHEASTERLY LINE OF LOT 1, A DISTANCE OF 50.00 FEET TO THE SOUTHERLYMOST CORNER OF SAID LOT 1; THENCE NORTH

63 DEGREES 15' 00" WEST, ALONG THE SOUTHWESTERLY LINE OF SAID LOT 1, A DISTANCE OF 217.30 FEET TO THE WESTERLYMOST CORNER OF SAID LOT 1; THENCE SOUTHWESTERLY, ALONG THE EASTERLY LINE OF STATE ROAD # 55 TO THE POINT OF BEGINNING.